```
Jason L. Jones        SB# 246910
Cynthia M. Jones      SB# 226958
Rachel L. Hawrylo     SB# 259519
AVATAR LEGAL, P.C.
12526 High Bluff Drive
Suite 300
San Diego, CA 92130
Tel: (858) 793-9800
Fax: (858) 793-9801
```

Attorney for Plaintiffs
James Gauntt and Marjorie Gauntt

FILED
2009 AUG -5  PM 12:49
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT
### Southern District of California

**James Gauntt**, an individual, and **Marjorie Gauntt**, an individual,

    Plaintiffs,

    vs.

**NCO Financial Systems, Inc.**, a Pennsylvania Corporation,

    Defendant.

Case No. 09 CV 1692 BEN    RBB

**COMPLAINT for violations of 15 U.S.C. §1692 et seq. and California Civil Code §1788 et seq.**

TO NCO FINANCIAL SYSTEMS, INC. AND ITS ATTORNEY OF RECORD:

### JURISDICTION

1.  Jurisdiction is conferred on this Court under 15 U.S.C §1692k(d) and 28 U.S.C. 1337.

2.  This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1337 of Title 28 of the United States Code.

3.  This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

\\

Complaint      - 1 -      Case #

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

5. Plaintiffs incorporate by reference paragraphs 1 through 4 as if each were alleged herein in full

6. Plaintiffs are, and at all times mentioned herein were, residents of San Diego County, California.

7. Plaintiffs are informed and believe, and thereon allege, that NCO Financial Systems, Inc. (hereinafter "NCO") is a Corporation incorporated under the State of Pennsylvania and is doing business in the State of California.

## FACTS

8. Plaintiffs incorporate by reference paragraphs 1 through 7 as if each were alleged herein in full.

9. On or about April 17, 2009, Plaintiffs retained the law firm Avatar Legal, P.C. (hereinafter "Avatar") to represent Plaintiffs with respect to their consumer debts.

10. On or about May 19, 2009, Avatar sent a letter to NCO informing NCO that Plaintiffs were represented by an attorney and to send all communications regarding Plaintiffs' accounts directly to Avatar.

11. On or about June 30, 2009, NCO called Plaintiffs at their home in an attempt to collect a debt and was informed by Plaintiffs that Plaintiffs were represented by an attorney and to call Avatar if NCO had any questions.

12. On or about July 1, 2009, NCO called Plaintiffs at their home in an attempt to collect a debt and was again

informed by Plaintiffs that Plaintiffs were represented by an attorney and to call Avatar if NCO had any questions.

13. On or about July 2, 2009, NCO called Plaintiffs at their home in an attempt to collect a debt and was again informed by Plaintiffs that Plaintiffs were represented by an attorney and to call Avatar if NCO had any questions.

14. On or about July 8, 2009, Avatar sent a second letter to NCO informing NCO that Plaintiffs were represented by an attorney and to send all communications regarding Plaintiffs' accounts directly to Avatar.

15. On or about July 8, 2009, NCO called Plaintiffs at their home in an attempt to collect a debt and was informed yet again by Plaintiffs that Plaintiffs were represented by an attorney and to call Avatar if NCO had any questions.

16. On or about July 9, 2009, NCO called Plaintiffs at their home in an attempt to collect a debt and was informed by Plaintiffs that Plaintiffs were represented by an attorney and to call Avatar if NCO had any questions.

17. On or about July 10, 2009, NCO called Plaintiffs at their home in an attempt to collect a debt and was informed by Plaintiffs that Plaintiffs were represented by an attorney and to call Avatar if NCO had any questions.

18. On or about July 23, 2009, NCO called Plaintiffs at their home in an attempt to collect a debt and was informed by Plaintiffs that Plaintiffs were represented by an attorney and to call Avatar if NCO had any questions.

\\

19. Plaintiff James Gauntt is a senior citizen as defined by California Civil Code §1761(f).

20. Congress, in passing 15 U.S.C. §1692, stated that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged…" 15 U.S.C. §1692(e).

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692b(6) & §1692c(a)(2)

21. Plaintiffs incorporate by reference paragraphs 1 through 20 as if each were alleged herein in full.

22. Plaintiffs are "consumer(s)" as defined by 15 U.S.C. §1692a(3).

23. The debt is a consumer "debt" as defined by 15 U.S.C. §1692a.

24. NCO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. Pursuant to 15 U.S.C §1692b(6) and 15 U.S.C. §1692c(2), debt collectors must refrain from contacting a consumer who is known to be represented by an attorney.

26. NCO was informed numerous times that Plaintiffs were represented by an attorney, yet NCO continued to contact the Plaintiffs directly.

27. As a result of NCO's violations of 15 U.S.C. §1692b(6) and 15 U.S.C. §1692c(2), Plaintiffs are entitled to actual damages, statutory damages of $1,000.00, and attorney's fees and costs under 15 U.S.C §1692k.

28. As a senior citizen person subjected to Defendant's abusive, deceptive, and unfair collection practices, Plaintiff James Gauntt is entitled to treble damages pursuant to California Civil Code §3345.

## SECOND CAUSE OF ACTION

### Violation of 15 U.S.C. § 1692d(5)

29. Plaintiffs incorporate by reference paragraphs 1 through 28 as if each were alleged herein in full.

30. Plaintiffs are "consumer(s)" as defined by 15 U.S.C. §1692a(3).

31. The debt is a consumer "debt" as defined by 15 U.S.C. §1692a.

32. NCO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

33. Pursuant to 15 U.S.C. §1692d(5), "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt…", including, "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number."

\\

\\

34. NCO called Plaintiffs everyday for several days at a time, the natural consequence of which was to harass, oppress, and abuse Plaintiffs.

35. As a result of NCO's violations of 15 U.S.C. §1692d(5), Plaintiffs are entitled to actual damages, statutory damages of $1,000.00, and attorney's fees and costs under 15 U.S.C §1692k.

36. As a senior citizen person subjected to Defendant's abusive, deceptive, and unfair collection practices, Plaintiff James Gauntt is entitled to treble damages pursuant to California Civil Code §3345.

### THIRD CAUSE OF ACTION
### Violation of California Civil Code §1788.17

37. Plaintiffs incorporate by reference paragraphs 1 through 36 as if each were alleged herein in full.

38. The debt is a "Consumer Debt" as defined by California Civil Code §1788.2.

39. Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collections and thus is a "Debt Collector" within the meaning of California Civil Code §1788.2.

40. Pursuant to California Civil Code §1788.17, debt collectors collecting consumer debts must comply with 15 U.S.C. §1692(b) through §1692(j), also known as the Fair Debt Collection Practices Act, and are subject to the remedies provided by 15 U.S.C §1692(k).

\\

41. Pursuant to 15 U.S.C §1692b(6) and 15 U.S.C. §1692c(2), debt collectors must refrain from contacting a consumer who is known to be represented by an attorney.

42. NCO violated 15 U.S.C §1692b(6) and 15 U.S.C. §1692c(2), and thus California Civil Code §1788.17, by contacting Plaintiffs directly in an attempt to collect a debt after being notified at least two (2) times in writing that Plaintiffs were represented by an attorney with respect to such debts.

43. As a result of the violation of California Civil Code §1788.17, Plaintiffs are entitled to actual damages, statutory damages of $1,000, and attorney's fees under California Civil Code §1788.30.

44. Pursuant to California Civil Code §1788.32, the remedies provided by Civil Code §1788 et seq. are cumulative and are in addition to remedies under any other provisions of law, including those provided in 15 U.S.C. §1692 et seq.

45. As a senior citizen person subjected to Defendant's abusive, deceptive, and unfair collection practices, Plaintiff James Gauntt is entitled to treble damages pursuant to California Civil Code §3345.

### FOURTH CAUSE OF ACTION
### Violation of California Civil Code §1788.17

46. Plaintiffs incorporate by reference paragraphs 1 through 45 as if each were alleged herein in full.

47. The debt is a "Consumer Debt" as defined by California Civil Code §1788.2.

48. Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collections and thus is a "Debt Collector" within the meaning of California Civil Code §1788.2.

49. Pursuant to California Civil Code §1788.17, debt collectors collecting consumer debts must comply with 15 U.S.C. §1692(b) through §1692(j), also known as the Fair Debt Collection Practices Act, and are subject to the remedies provided by 15 U.S.C §1692(k).

50. Pursuant to 15 U.S.C. §1692d(5), "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt…", including, "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number."

51. NCO called Plaintiffs everyday for several days at a time, the natural consequence of which was to harass, oppress, and abuse Plaintiffs.

52. As a result of the violation of California Civil Code §1788.17, Plaintiffs are entitled to actual damages, statutory damages of $1,000, and attorney's fees under California Civil Code §1788.30.

53. Pursuant to California Civil Code §1788.32, the remedies provided by California Civil Code §1788 et seq. are cumulative and are in addition to remedies under any other

provisions of law, including those provided in 15 U.S.C. §1692 et seq.

54. As a senior citizen person subjected to Defendant's abusive, deceptive, and unfair collection practices, Plaintiff James Gauntt is entitled to treble damages pursuant to California Civil Code §3345.

### FIFTH CAUSE OF ACTION
### Violation of California Civil Code §1788.11(e)

55. Plaintiffs incorporate by reference paragraphs 1 through 54 as if each were alleged herein in full.

56. The debt is a "Consumer Debt" as defined by California Civil Code §1788.2.

57. Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collections and thus is a "Debt Collector" within the meaning of California Civil Code §1788.2.

58. Pursuant to California Civil Code §1788.11(e), no debt collector shall collect or attempt or attempt to collect a consumer debt by the means of…" "Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances."

59. NCO called Plaintiffs everyday for several days at a time, constituting a harassment of Plaintiffs in an attempt to collect a debt.

60. As a result of the violation of California Civil Code §1788.17, Plaintiffs are entitled to actual damages, statutory

damages of $1,000, and attorney's fees under California Civil Code §1788.30.

61. Pursuant to California Civil Code §1788.32, the remedies provided by California Civil Code §1788 et seq. are cumulative and are in addition to remedies under any other provisions of law, including those provided in 15 U.S.C. §1692 et seq.

62. As a senior citizen person subjected to Defendant's abusive, deceptive, and unfair collection practices, Plaintiff James Gauntt is entitled to treble damages pursuant to California Civil Code §3345.

### SIXTH CAUSE OF ACTION

### Violation of California Civil Code §1788.14(c)

63. Plaintiffs incorporate by reference paragraphs 1 through 62 as if each were alleged herein in full.

64. The debt is a "Consumer Debt" as defined by California Civil Code §1788.2.

65. Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collections and thus is a "Debt Collector" within the meaning of California Civil Code §1788.2.

66. Pursuant to California Civil Code §1788.14(c), no debt collector shall collect or attempt or attempt to collect a consumer debt by the means of..." "Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously

notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt…"

67. Plaintiffs' attorney sent a letter to NCO on or about both May 19, 2009 and July 8, 2009, informing NCO that Plaintiffs were represented by Avatar with respect to their consumer debts and to direct all communications to Avatar at the included address and phone number, yet NCO continued to contact Plaintiffs directly in an attempt to collect a debt.

68. As a result of the violation of California Civil Code §1788.17, Plaintiffs are entitled to actual damages, statutory damages of $1,000, and attorney's fees under California Civil Code §1788.30.

69. Pursuant to California Civil Code §1788.32, the remedies provided by California Civil Code §1788 et seq. are cumulative and are in addition to remedies under any other provisions of law, including those provided in 15 U.S.C. §1692 et seq.

70. As a senior citizen person subjected to Defendant's abusive, deceptive, and unfair collection practices, Plaintiff James Gauntt is entitled to treble damages pursuant to California Civil Code §3345.

WHEREFORE, Plaintiffs pray that this Court will enter a judgment for the following:

1. For actual damages to be awarded according to proof,
2. For attorney's fees and costs under 15 U.S.C. §1692(k);
3. For statutory damages under 15 U.S.C. §1692(k);

4. For attorney's fees under California Civil Code §1788.30;

5. For statutory damages of under California Civil Code §1788.30;

6. For an award of three times the above statutory damages pursuant to California Civil Code §3345; and

7. For such other and further relief as this court deems just and proper.

Dated: August 4, 2009

Respectfully submitted,
AVATAR LEGAL, P.C.

BY: _____
Jason L. Jones
Attorney for Plaintiffs,
James Gauntt and
Marjorie Gauntt

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Gauntt and Marjorie Gauntt

**(b)** County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jason Jones, Esq., Avatar Legal, P.C., 12526 High Bluff Drive, Ste 300, San Diego, CA 92130.  Phone: 858-793-9800

## DEFENDANTS
NCO Financial Systems, Inc.

FILED
2009 AUG -5 PM 12: 50
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'09 CV 1692 BEN   RBB**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 et seq.

Brief description of cause:
Violations of FDCPA and California's Rosenthal Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE  08/04/2009

SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**FOR OFFICE USE ONLY**

RECEIPT # 3920   AMOUNT 350.-   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

8/5/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS003920
Cashier ID: sramirez
Transaction Date: 08/05/2009
Payer Name: AVATAR LEGAL
------------------------------------
CIVIL FILING FEE
 For: GAUNTT V. NCO FINANCIAL
 Case/Party: D-CAS-3-09-CV-001692-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1300
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```